UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERESA TYLER,

                                    Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                    Defendant.

24-cv-1947 (ALC)

OPINION & ORDER

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff Teresa Tyler brings this action *pro se* against Defendant New York City Department of Education ("DOE") alleging age discrimination in violation of the Age Discrimination in Employment Act of 1969 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and alleging age, race, and national origin discrimination in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297, and the New York City Human Rights Law ("NYCHRL"), New York City Admin. Code §§ 8-101 to 131. Defendant now moves for dismissal of Plaintiff's Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 36. After careful review, Defendant's motion, is **GRANTED** without prejudice.

## BACKGROUND

### I.   Factual Background

Plaintiff's Third Amended Complaint states that she is a non-Hispanic Black woman who at the time of the allegedly discriminatory actions was 58 years old. See TAC ¶ 8. Plaintiff contends she is a trained occupational therapist ("OT") who has some research experience but has primarily worked as a contract-based OT in school settings throughout the five boroughs in

1

New York City. *Id*. at ¶¶ 11-14. In May 2022, Plaintiff says she contacted Jackeline Ortiz, the District 11 OT supervisor about a full-time OT position at a District 11 school. *Id*. at ¶ 20. Ms. Ortiz already knew Plaintiff before interviewing her because Plaintiff had provided OT services to four schools in her district. *Id*. at ¶ 24. On August 11, 2022, Ms. Ortiz interviewed Plaintiff for the full-time OT position at a District 11 school and offered Plaintiff the position the very next day. *Id*. at ¶¶ 23-24.

On September 23, 2022, Plaintiff received an official offer letter from DOE's human resources department for the full-time position. *Id*. at ¶ 32. Per the offer letter, Plaintiff needed to send various documents, including an I-9, in order to complete the hiring process. *Id*. at ¶¶ 33-34. On September 30, 2022, Plaintiff sent numerous documents but not her I-9 because she was renewing her passport. *Id*. at ¶ 37. On October 14, 2022, DOE requested Plaintiff send a copy of her ID and social security card. *Id*. at ¶¶ 40-41. Plaintiff sent the documents she had, including an expired copy of her passport. *Id*. at ¶ 42. After this, Plaintiff did not hear back from DOE for several weeks, despite checking-in with them on October 25, 2022. *Id*. at ¶ 43.

On November 5, 2022, Plaintiff received her renewed passport and made an appointment to verify her I-9 on November 7, 2022. *Id*. at ¶ 44. However, at the appointment, Plaintiff was told the job offer had been withdrawn and she needed to go to an "OT supervisor to reactivate the offer." *Id*. at ¶ 45. Plaintiff proceeded to email Monica Mosquera, Human Resource Director DSL School Finance and Human Resources Field Team Division of School Leadership, and Ms. Ortiz about reactivating the offer. *Id*. at ¶ 46. Ms. Mosquera said that Ms. Ortiz would have to "re-intend" Plaintiff as an employee. *Id*. at ¶ 47. On November 8, 2022, Plaintiff called Ms. Ortiz who told her she had to "move forward" and that the position was no longer available. *Id*. at ¶ 50. Ms. Ortiz also told Plaintiff there were no more positions in District 11. *Id*. at ¶ 51. Plaintiff asked if she could stay in the system to be considered for future openings. *Id*. Ms. Ortiz told

Plaintiff she would need to start the process anew if she wanted to be considered in the future. *Id.* at ¶¶ 52-53.

In April 2023, Plaintiff learned the OT position was occupied by Imani S. Diaz, a 24-year old Hispanic new OT graduate who started the OT position on April 3, 2023. *Id.* at ¶ 58. Plaintiff claims Ms. Diaz had no experience working with grade school-aged children, whereas Plaintiff has over 10 years of this experience. *Id.* Plaintiff claims the OT position was actually vacant for five months, during which she could have been "re-intended." *Id.*

On April 19, 2023, Plaintiff filed an EEOC Charge alleging that she was discriminated against because Ms. Diaz had less experience than her. Liu Declaration ("Liu Decl.") at 2. On November 3, 2023, Plaintiff amended her charge to include Ms. Diaz's age and that Ms. Diaz was Hispanic, while Plaintiff was not Hispanic. Amended Liu Declaration ("Am. Liu Decl.") at 1. In response to the EEOC Charge, DOE stated that it revoked the job offer in favor of a candidate with research experience and due to the Plaintiff's delay in I-9 paperwork. *Id.* at ¶¶ 60-62.

## II.    Procedural History

Plaintiff filed her first Complaint *pro se* on March 14, 2024. ECF No. 1. She filed an Amended Complaint on April 26, 2024. ECF No. 2. On July 15, 2024, Plaintiff filed a Second Amended Complaint. ECF No. 14. On September 15, 2024, the Defendant filed a letter requesting a pre-motion conference ahead of an anticipated Motion to Dismiss. ECF No. 21. After a December 12, 2024 telephonic conference, Plaintiff filed a Third Amended Complaint on January 7, 2025. ECF No. 30.

3

Defendant filed a Motion to Dismiss on March 3, 2025. ECF No. 37. Plaintiff filed her Opposition on April 25, 2025. ECF No. 41. Defendant filed their Reply on May 16, 2025. ECF No. 50.

## STANDARD OF REVIEW

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotations omitted). In particular, "the pleadings of a *pro se* plaintiff . . . should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). Thus, although the Court is

4

"obligated to draw the most favorable inferences" that a *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

### I.      State Claims Lacked Proper Notice of Claim

Defendants contend, and Plaintiff concedes, that Plaintiff failed to file a notice of claim in a timely manner for claims she sought to bring under NYSHRL and NYCHRL. New York Education Law § 3813(1) requires that, prior to commencing a suit against the Department of Education, a party file a notice of claim within three months of the date when their claim(s) arose. Failure to file a notice of claim constitutes a defect warranting dismissal of a complaint. *Id.*

The latest possible date that Plaintiff's claims accrued is November 8, 2022, when Plaintiff was told that the position she applied for was no longer available and that she was no longer in the system for purposes of being considered for a future position. TAC at ¶¶ 50-53. To be in compliance with the notice of claim requirement, Plaintiff would have needed to file a notice of claim by February 8, 2023. Plaintiff admits in her Opposition that she did not do this. She also says, "Since a Notice of Claim was not filed. These 2 causes of action are not needed." Pl. Opp. at 5. This suggests Plaintiff is no longer pursuing these claims. Given Plaintiff's decision not to go forward with these claims and the fact that no amendment could cure that they are time-barred, Plaintiff's claims pursuant to NYSHRL and NYCHRL are dismissed with prejudice.

### II.     ADEA Claim

Defendant also contends that Plaintiff failed to state a claim under the ADEA because she does not plead any facts that would give rise to a plausible inference of age discrimination. To state a claim under the ADEA, a plaintiff needs to demonstrate she was part of a protected class, she was qualified for the position, she experienced an adverse employment action, and that the

circumstances support a plausible inference of age discrimination. See *Ninying v. New York City Fire Dep't*, 807 F. App'x 112, 114 (2d. Cir. 2020). Additionally, a plaintiff must show that age discrimination was the but-for cause of the adverse employment action. *Id.*

As Plaintiff states in her Complaint, she was told her job offer was withdrawn because she did not provide the necessary documents to complete her I-9. TAC ¶¶ 33-45. Five months after Plaintiff's offer was withdrawn, the job was filled by someone younger than Plaintiff, who DOE said had research experience. However, just the fact that the person who was ultimately hired was younger is not enough to demonstrate an inference of age discrimination. In *Lively v. WAFRA Inv. Advisory Grp., Inc*., the Court held that even "stray age-related remarks are insufficient to raise an inference of discriminatory motive unless they (1) were made repeatedly, (2) drew a direct link between discriminatory stereotypes and the adverse employment decision, (3) were made by supervisors who played a substantial role in the decision." 6 F.4th 293, 303 (2d Cir. 2021) (internal citations omitted). Here, there are no allegations that anyone made any specific comments about Plaintiff's age at any point.

Moreover, Ms. Ortiz, invited Plaintiff to apply to the job, knowing her age. See TAC ¶ 24. This further supports that there was no age discrimination in the hiring decision. Plaintiff does not plead any facts that would give rise to any inference that the job offer was withdrawn due to her age. Her opposition contains only conclusory statements such as "the action occurred under circumstances giving rise to an inference of discrimination as Plaintiff could have been re-intended but was not in favor of a younger candidate." Pl. Opp. at 5.

## CONCLUSION

For the foregoing reasons, Defendant's motion is **GRANTED** without prejudice. Plaintiff has until April 16, 2026 to amend the Third Amended Complaint to cure the issues with the ADEA claim. Defendant does not need to request a pre-motion conference ahead of filing a

6

Motion to Dismiss a Fourth Amended Complaint and will have three weeks from the filing of a

Fourth Amended Complaint to file a motion. If Defendant chooses not to file another motion,

they should file a letter with the Court on the day the motion would be due.


**SO ORDERED.**

**Dated: March 25, 2026**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

7